UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTI HASKINS, LAURA SCULLY, AND DONALD J. JANAK, individually and as representatives of a class of similarly situated persons in the General Electric Retirement Savings Plan and the General Electric Savings and Security Program,<br><br>Plaintiff,<br><br>v.<br><br>GENERAL ELECTRIC COMPANY; GENERAL ELECTRIC RETIREMENT SAVINGS PLAN TRUSTEES,<br><br>Defendant. | Case No.: 17-CV-1960-CAB-BLM<br><br>**ORDER GRANTING MOTION TO TRANSFER CASE TO THE DISTRICT OF MASSACHUSETTS**<br><br>[Doc. No. 24] |

On September 26, 2017, Plaintiffs filed this putative class action under the Employee Retirement Income Security Act of 1974 ("ERISA") alleging breaches of fiduciary duties and mismanagement of Defendant General Electric Company's 401(k) plan. Within the next two months, three virtually identical putative class actions were filed in the District of Massachusetts, where GE is headquartered. On December 12, 2017, Judge Denise Casper entered an order granting a stipulation by the parties in the three Massachusetts cases to consolidate them into one action captioned *In re GE ERISA Litigation*, Case No. 1:17-CV-12123-DJC (the "Consolidated Action"). On January 12, 2018, a consolidated amended complaint was filed in the Consolidated Action.

Meanwhile, Defendants in the instant case move to transfer venue to Massachusetts, while the named Plaintiffs here have moved to intervene in the Consolidated Action seeking to have the Consolidated Action transferred to this district or stayed. All parties

to the Consolidated Action oppose Plaintiffs' motion, and Plaintiffs oppose Defendants motion to transfer in this case. Defendants' motion to transfer venue in this case is fully briefed, and the Court deems it suitable for submission without oral argument. The motion is granted.

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). The factors relevant to the determination of whether transfer is appropriate under Section 1404(a) include, without limitation:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000). All of these factors are either neutral or favor transfer to Massachusetts. The alleged wrongdoing occurred primarily in Massachusetts or Connecticut. Because federal law applies, this factor is neutral. Because this dispute involves a putative nationwide class, the fact that three of the individual members of the class prefer to litigate here does not warrant much weight considering that the vast majority of the class does not reside here, and a majority of the individuals seeking to be named class members prefer to litigate this dispute in Massachusetts. The only contact relating to this forum is that two of the named plaintiffs in this case and some of the putative class reside here. Meanwhile, many of the defendants and relevant witnesses as well as many of the putative class members reside in or near Massachusetts. Thus, while some of the operative facts may have occurred in this district, significantly more of the operative facts occurred and originated in or near Massachusetts. Further, the costs of litigating and the availability of compulsory process here versus Massachusetts are at best neutral and more likely favor Massachusetts considering that

more witnesses reside there. Likewise, the ease of access to sources of proof is at best neutral but likely favors Massachusetts considering that GE is headquartered there.

Plaintiffs quibble with Defendants' support for their arguments that the more appropriate venue for this case is Massachusetts, but Plaintiffs provide little support for the idea that San Diego would be a better or even equal venue. Ultimately, Plaintiffs only argument for denying Defendant motion to transfer venue is that Plaintiffs filed this lawsuit before the lawsuits that were joined into the Consolidated Action. While this first-to-file principle may justify deference to the forum of the first filed case when a plaintiff and defendant each file what is effectively the same lawsuit in different forums, the principle has little relevance here. All four lawsuits were filed on behalf of what is essentially the same plaintiff class. That three members of the class filed first here warrants little deference when other members of the same class, as well as Defendants, prefer to litigate this dispute in Massachusetts. Indeed, considering the number of individuals interested in representing the class in Massachusetts, the Court is not persuaded how the named plaintiffs here will suffer any burden.[1] Accordingly, the fact that this lawsuit was filed first does not overcome the many reasons why Massachusetts is the more appropriate forum.

In sum, the convenience of the parties, the convenience of the witnesses, the interests of justice, and judicial efficiency all overwhelmingly favor litigating this dispute between a nationwide class and Defendants in Massachusetts instead of San Diego. Therefore, Defendants' motion to transfer venue is **GRANTED**, and this case is **TRANSFERRED** to the District of Massachusetts. It is **SO ORDERED**.

Dated: February 2, 2018

_____
Hon. Cathy Ann Bencivengo
United States District Judge

---

[1] Moreover, the existence of other willing class members who could represent the class in Massachusetts ostensibly renders Plaintiffs' participation superfluous.